AMERICAN OPTICAL CO. v. BAY STATE OPTICAL CO. et al.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 89.

PATENTS (§ 328*)—ANTICIPATION—EYEGLASSES.

> The Ludlow patent, No. 674,974, for eyeglasses, *held* void for anticipation.

Appeal from the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

Suit in equity by the American Optical Company against the Bay State Optical Company and another. Decree for defendants, and complainant appeals. Affirmed.

Briesen & Knauth, of New York City (J. Edgar Bull and F. v. Briesen, both of New York City, of counsel), for appellant.

Duell, Warfield & Duell, of New York City (F. P. Warfield and C. H. Duell, both of New York City, H. S. Duell, of Yonkers, N. Y., and H. E. Bellows, of Providence, R. I., of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is an appeal from a decree of the District Court dismissing the bill of complainant, assignee of United

States letters patent 674,974, dated May 28, 1901, for eyeglasses or spectacles, issued to D. H. Ludlow. The only claim in issue is the first, which reads:

"1. The nose-rest *n*, provided with an arm which leaves said nose-rest at a point posterior to its anterior edge and runs outward away from the plane of said nose-rest and then forward forming a backwardly convex fold *f*, substantially as described."

Counsel for the patentee originally contended that Ludlow's invention consisted of a malleable arm supporting the lenses which led from the posterior edge of the nose-rest in the form of a backward turning convex loop called by the patentee a fold. The characteristic feature of the invention was said to be its almost universal adjustability. By bending the arm by the use of the ordinary pliers, the nose-rest and the glasses could be fixed in almost any position in relation to the eyes. This saved the optician from carrying a great number of frames of different styles, each having a fixed adjustment, out of which he had to select a pair of glasses suitable to the nose of each customer. Judge Hough found that glasses made in accordance with the patent had a large commercial success, and were a new and useful invention, and directed a decree in favor of the complainant. Subsequently the case was reopened on the application of the defendant, in order to prove anticipation, viz., a structure called the Wells-Cling arm, which was sold by the firm of J. M. & C. A. Johnston, of Chicago, some two years before application was made for the patent in suit. This arm was made either with a forwardly or a backwardly extending convex loop, and was capable of adjustment in the same way as the Ludlow arms.

Thereupon the complainant contended that the characteristic feature of Ludlow's patent was the effect by bending the arm of pressing the forward edge of the nose-rest into the flesh, making a ridge along the whole edge, which prevented the glasses from sliding forward or tilting. This was described as a free front edge, and it was said could not have been accomplished by the Johnston arm, because that nose-rest was filled with cork. Judge Hough held, reversing his original decree and directing the bill to be dismissed, that the Johnston structure did anticipate; that a flat-edged nose-rest was well known in the trade, and that it required no invention to substitute celluloid or other hard material for the rounded cork, with which the Johnston nose-rest having a backwardly turning convex loop was lined; also that, if such a substitution could be held to be invention, the claim of the patent did not cover it, and that there was nothing in the specifications to show that Ludlow intended to cover a hard and angular nose-rest.

With these conclusions we agree, and therefore the decree is affirmed with costs.